UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
EISNERAMPER LLP,                   :

                                :       DOCKET NO. 15 cv 3653

               Plaintiffs,    :

                                  :

       - against -               :

                                  :

KYLE HARRINGTON and HARRINGTON   :

CAPITAL MANAGEMENT LLC,      :       **ANSWER**

                                  :

               Defendants.    :
------------------------------------------------------------X

       Defendants Kyle Harrington ("Harrington") and Harrington Capital Management LLC ("HCM" jointly with Harrington are the "defendants"), acting by and through their counsel, Schrader & Schoenberg, LLP, as and for their Answer to the Complaint of plaintiff Eisneramper LLC ("Eisneramper" or "plaintiff"), allege as follows:

       1.     The allegations of paragraph 1 of the Complaint set forth a legal conclusion for which no response is required. To the extent any response is required, defendants deny that the complaint contains sufficient allegations to establish federal jurisdiction or that jurisdiction has been established.

       2.     The allegations of paragraph 2 of the Complaint set forth a legal conclusion for which no response is required. To the extent any response is required, defendants deny that personal jurisdiction has been established.

       3.     The allegations of paragraph 3 of the Complaint set forth a legal conclusion for which no response is required. To the extent any response is required, defendants deny that venue has been properly established.

       4.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 4 of the Complaint.

5.      Admit the allegations set forth in paragraph 5 of the Complaint except deny the word "substantial.".

6.      Admit the allegations set forth in paragraph 6 of the Complaint except deny the word "substantial."

7.      As to paragraph 7 of the Complaint, defendants repeat and reallege each of the responses to the allegations above as if set forth at length herein.

8.      Admit the allegations set forth in paragraph 8 of the Complaint.

9.      Deny the allegations set forth in paragraph 9 of the Complaint except admit (a) that an application was made to the bankruptcy court in connection with the retention of plaintiff and respectfully refer this Court to the content thereof for the full and complete content of such application; and (b) that plaintiff provided certain accounting services to the defendants.

10.     Deny the allegations set forth in paragraph 10 of the Complaint except admit that plaintiff provided certain accounting services to the defendants.

11.     Deny the allegations set forth in paragraph 11 of the Complaint except admit that plaintiff provided certain accounting services to the defendants.

12.     Admit the allegations set forth in paragraph 12 of the Complaint.

13.     Deny the allegations set forth in paragraph 13 of the Complaint except an application was submitted to the bankruptcy court in connection with plaintiff's retention and respectfully refer the Court to the bankruptcy court documents for the full and correct content thereof and the Court's ruling thereupon.

14.     Deny the allegations set forth in paragraph 14 of the Complaint except admit that plaintiff provided certain accounting services to the defendants.

15.     Deny the allegations set forth in paragraph 15 of the Complaint.

16.     Deny the allegations set forth in paragraph 16 of the Complaint except admit that an application was submitted to the bankruptcy court in connection with plaintiff's retention and respectfully refer the Court to the bankruptcy court documents for the full and correct content thereof.

17.     Deny the allegations set forth in paragraph 17 of the Complaint except admit that an application was submitted to the bankruptcy court in connection with plaintiff's retention and respectfully refer the Court to the bankruptcy court documents and the docket sheet for the full and correct content thereof.

18.     Deny the allegations set forth in paragraph 18 of the Complaint.

19.     Deny the allegations set forth in paragraph 19 of the Complaint except admit that plaintiff provided certain accounting services to the defendants.

20.     Deny the allegations set forth in paragraph 20 of the Complaint.

21.     Deny the allegations set forth in paragraph 21 of the Complaint.

22.     Deny the allegations set forth in paragraph 22 of the Complaint except admit that defendants believe that they have paid approximately $50-60,000 to plaintiff.

23.     Deny the allegations set forth in paragraph 23 of the Complaint.

24.     As to paragraph 24 of the Complaint, defendants repeat and reallege each of the responses to the allegations above as if set forth at length herein.

25.     Deny the allegations set forth in paragraph 25 of the Complaint.

26.     Deny the allegations set forth in paragraph 26 of the Complaint.

27.     As to paragraph 27 of the Complaint, defendants repeat and reallege each of the responses to the allegations above as if set forth at length herein.

28.     Deny the allegations set forth in paragraph 28 of the Complaint except admit that

3

HCM provided some services in New York.

29.    Deny the allegations set forth in paragraph 29 of the Complaint.

30.    Deny the allegations set forth in paragraph 30 of the Complaint.

31.    Deny the allegations set forth in paragraph 31 of the Complaint.

32.    Deny the allegations set forth in paragraph 32 of the Complaint.

33.    As to paragraph 33 of the Complaint, defendants repeat and reallege each of the responses to the allegations above as if set forth at length herein.

34.    Deny the allegations set forth in paragraph 34 of the Complaint.

35.    Deny the allegations set forth in paragraph 35 of the Complaint.

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a cause of action for which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

The Complaint should be dismissed for lack of subject matter jurisdiction.

## THIRD AFFIRMATIVE DEFENSE

The Complaint should be dismissed for lack of personal jurisdiction.

## FOURTH AFFIRMATIVE DEFENSE

The Complaint is barred by the applicable statutes of limitation.

## FIFTH AFFIRMATIVE DEFENSE

The Complaint is barred by the doctrines of waiver and estoppel.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff failed to mitigate its damages.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred for lack of privity.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred for failure to comply with bankruptcy code and rule requirements in connection with the retention of counsel, and for the applications for and payment of professional's fees.

## NINTH AFFIRMATIVE DFEFENSE

The Complaint is barred by plaintiff's unclean hands.

## TENTH AFFIRMATIVE DEFENSE

Any fee application should have been made in the bankruptcy court and plaintiff has failed to preserve its remedies or take the steps necessary to adjudicate such fees.

## ELEVENTH AFFIRMATIVE DEFENSE

The bankruptcy court has the exclusive jurisdiction to determine the fees to be paid to plaintiff.

Dated: New York, New York
August 11, 2015

SCHRADER & SCHOENBERG, LLP
Attorneys for Defendants

By:_____
David A. Schrader, Esq. (DS-1765)
711 Third Avenue, Suite 1803
New York, New York 10017
(212) 986-4888